*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ELVA CLAIRENE MCCLURE,

Defendant-Appellant.

UNPUBLISHED
December 20, 2024
9:56 AM

No. 367882
Barry Circuit Court
LC No. 2022-000642-FC

Before: GARRETT, P.J., and RICK and MARIANI, JJ.

RICK, J. (*concurring*).

I concur in the outcome of this matter. I write separately to acknowledge that although this case involves unthinkable depravity, only our Legislature has the authority to determine whether a judge imposing a felony sentence may impose a no-contact order. Defendant, a grandmother and mother, pleaded guilty to one count of aggravated child sexually abusive activity, MCL 750.145c(2)(b); one count of second-degree criminal sexual conduct with a person under 13 years of age (CSC-II), MCL 750.520c(1)(a); one count of second-degree child abuse, MCL 750.136b(3); one count of surveilling an unclothed person, MCL 750.539j(2)(a)(*i*); and one count of third-degree criminal sexual conduct with force or coercion (CSC-III), MCL 750.520d(1)(b). These unspeakable acts were committed upon her three-year old granddaughter and defendant's own daughter, who was in her preteen years at the time. Defendant abused these children and provided them to her co-defendant and then-boyfriend for sexual abuse. The co-defendant also happened to be a convicted sex offender.

As attorney and author Bryan Stevenson[1] has said: "Each of us is more than the worst thing we've ever done."[2]  It is a Herculean effort to appreciate how attorney Stevenson's quote could reasonably apply under the facts and circumstances of this case, even if it does.  It is far easier to appreciate the need to protect the innocent victims here, for whom a grandparent and parent should be loving and protective.  Instead, this defendant violated them in the most egregious manner imaginable.  Given these circumstances, I understand the actions taken by this trial court judge, who sought not only to protect these actual victims, but any potential future victims.

Nevertheless, I echo the request of my colleague, Judge Letica, who filed a concurring opinion in *People v Lafey*, ___ Mich App ___; ___ NW3d ___ (2024) (Docket No. 361936).  I agree with Judge Letica that it is the purview of the Legislature to enact legislation that would imbue felony sentencing courts with the authority to impose no-contact provisions in offenses for those who receive a prison sentence.  *Id*. at ___; slip op at 1-2 (LETICA, J., concurring).  Judge Letica offers multiple examples of states that provide courts with statutory authority.  *Id*.  They are a good starting point.

Some may assume that these victims might be able to seek protection from their abuser through other avenues, such as by obtaining a non-domestic sexual assault personal protection (PPO) order under MCL 600.2950a(2).  However, this is a difficult process.  Such an undertaking would require the filing of a separate action in the family division of the circuit court (as opposed to the criminal court), which must provide notice of the proceedings and a right to challenge the entry of the PPO to comport with due process requirements.  *IME v DBS*, 306 Mich App 426, 434; 857 NW2d 667 (2014).  That process would be traumatizing for the young victims involved, should they have to appear and testify against the assailant who has already been criminally adjudicated.  Additionally, a court may not issue a nondomestic sexual assault PPO when an unemancipated minor seeks a PPO against a parent, MCL 600.2950a(27)(b).  A PPO likewise cannot be issued when the respondent offender is in prison.  MCL 600.2950a(30).  Similar barriers exist should a petitioner seek a domestic PPO under MCL 600.2950.[3]

I appreciate that the trial court judge in this case was aware of these complications.  He was mindful of the need to uphold the victims' rights, which are enshrined in statute and our state constitution.  See MCL 780.751 *et seq.*; Const 1963, art 1, § 24.  But while his heart may have

---

[1] Bryan Stevenson is the author of the New York Times bestseller *Just Mercy: A Story of Justice and Redemption*.  He is also the founder and Executive Director of the Equal Justice Initiative, defender of countless litigants on death row (including some who were later exonerated), and recipient of the MacArthur Foundation "Genius" Prize.  He is a staunch defender of the poor and people of color, who are disproportionately represented in the United States prison system.  Equal Justice Initiative, *Bryan Stevenson* <https://eji.org/bryan-stevenson/> (accessed December 16, 2024).

[2] Stevenson, *Just Mercy: A Story of Justice and Redemption* (New York: One World, 2014), pp 17-18.

[3] A domestic relationship PPO may not be issued if the petitioner and the respondent have a parent/child relationship and the child is an unemancipated minor, or where the respondent is less than ten years old.  MCL 600.2950(26)(a) through (c).

been in the right place, he was ahead of the law.  It is for the Legislature to determine whether a sentencing judge may order a felony defendant to comport with a no-contact order, and it has yet to do so.  Thus, I encourage the Legislature to address this important issue.

/s/ Michelle M. Rick